993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Levon WILLIAMS, Defendant-Appellant.
 No. 92-1738.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before GUY and NELSON, Circuit Judges, and BECKWITH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Gregory Williams, argues on appeal that the district judge abused his discretion when he ordered defendant's federal sentence to run consecutively to an unexpired state sentence Williams was serving. Upon review, we conclude that a remand for resentencing is necessary.
 
 I.
 
 2
 On March 5, 1990, Williams entered a guilty plea to a state felony charge of receiving and concealing stolen property with a value of over $100. The property involved was a 1984 Camaro Z-28. Three weeks later, the defendant was found in possession of a loaded .38 caliber two-shot derringer. Because of his previous felony conviction, he was charged in a one-count indictment with unlawful possession of the firearm, in violation of 18 U.S.C. § 1922(g)(1). Williams entered into a Rule 11 agreement with the government, and pleaded guilty on December 6, 1991, to the charge of being a felon in possession. At the time Williams entered his guilty plea, the court very explicitly advised him not only of the possibility but also of the probability that he would likely receive a consecutive sentence. Williams indicated that nonetheless he wished to plead guilty.
 
 
 3
 When Williams subsequently was given a 21-month federal sentencing guidelines sentence, it was made to run consecutively to his unexpired Michigan sentence. Although the defendant concedes that it was within the power of the district court to order a consecutive sentence, his abuse of discretion argument is predicated primarily on certain statutory language. Title 18, United States Code § 3584(b) provides as follows:
 
 
 4
 (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
 
 
 5
 Section 3553(a) referenced above, provides as follows:
 
 
 6
 (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
 
 
 7
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 
 
 8
 (2) the need for the sentence imposed--
 
 
 9
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 
 
 10
 (B) to afford adequate deterrence to criminal conduct;
 
 
 11
 (C) to protect the public from further crimes of the defendant; and
 
 
 12
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 
 
 13
 (3) the kinds of sentences available;
 
 
 14
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentence;
 
 
 15
 (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced; and
 
 
 16
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
 
 
 17
 The defendant argues rather generally that the district judge did not carefully consider all of the above-referenced sentencing considerations but, rather, proceeded from a preconceived notion that, since the defendant had just committed a state crime shortly before he committed a federal crime, a consecutive sentence was appropriate.
 
 
 18
 We carefully have reviewed the transcript of the sentencing hearing and have reached a conclusion contrary to the assertions of the defendant. Without setting forth in detail the judge's comments at sentencing, our review of his remarks indicates that he did give adequate consideration to the statutory mandate. We find nothing in the totality of the circumstances presented here that would suggest any abuse of discretion.
 
 II.
 
 19
 Although the defendant directs our attention only to the applicable statute which references consecutive sentences, the government, to its credit, points out that the sentencing guidelines also address the issue of consecutive sentences. United States Sentencing Guidelines § 5G1.3 (Nov. 1991) provides:
 
 
 20
 (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
 
 
 21
 (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that constituted part of the same course of conduct as the instant offense and have been fully taken into account in the determination of the offense level for the instant offense, or if the prior undischarged term of imprisonment resulted from a federal offense and was imposed pursuant to the Sentencing Reform Act, the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time.
 
 
 22
 (c) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.
 
 
 23
 The chronology of events in this case dictates that only section 5G1.3(c) is applicable. The rather broad discretion contained in section 5G1.3(c) is somewhat curtailed by the application notes to this section. The aim of the sentencing guidelines appears to be to fashion a total sentence that would be roughly equivalent to what the defendant would have received if he had been sentenced at the same time in federal court for both his prior offense and the current offense of conviction. The method set forth in the guidelines for ascertaining this equivalency is somewhat convoluted, and nothing would be served by setting it forth here. Suffice it to say that if the procedure recommended by the guidelines is followed it may be that Williams' sentence is longer than recommended by the guidelines. In any event, it is clear that neither the judge nor the probation officer gave any consideration to section 5G1.3. That being the case, we find it necessary to remand for resentencing. In remanding, however, we express no opinion as to what the sentence should be. The guidelines allow considerable latitude to the district judge in this regard, and as we stated in United States v. Devaney, No. 92-5645 (6th Cir. Apr. 26, 1993): "Decisions whether to order consecutive or concurrent sentences are reviewed for abuse of discretion." Id. slip op. at 4 (citations omitted).
 
 
 24
 REMANDED FOR RESENTENCING.
 
 
 
 *
 Honorable Sandra S. Beckwith, United States District Court for the Southern District of Ohio, sitting by designation